Jane DOE, Plaintiff–Appellant,

v.

John DOE # 1, John Doe # 2, John Doe # 3, John Doe # 4, Defendants–Appellees.

No. 00–7929.

United States Court of Appeals, Second Circuit.

March 16, 2001.

Jane Doe, Jamaica, NY, for appellant.

Arnold Kriss, Law Office of Arnold Kriss, New York, NY, for appellee, John Doe # 1.

Julie Steiner, Corporation Counsel's Office, New York, NY, for appellee, John Doe # 3.

Present PARKER, and SACK, Circuit Judges, and STEIN, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant appeals from a final order dismissing her complaint which alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified and amended, 42 U.S .C. § 2000e *et seq.*, and sexual abuse in violation of the 1994 Violence Against Women Act, 42 U.S.C. § 13891 ("VAWA").

In response to the motion to dismiss filed by John Doe # 1 and John Doe # 3, the district court, on April 20, 2000, ordered plaintiff-appellant to show cause why her action should not be dismissed as time-barred in regard to John Doe # 1 and # 3, and for failure to state a claim against John Doe # 2 and # 4, by May 5, 2000.

Plaintiff-appellant filed an affidavit on April 24, 2000, in response to the district court's directive, asserting that equitable tolling applies in this case. On June 27, 2000, the district court dismissed plaintiff-appellant's cause of action *sua sponte* stating that: (1) plaintiff-appellant did not respond to the court's April 20, 2000 order; (2) VAWA had been declared unconstitu-

tional by the Supreme Court in *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000); and (3) plaintiff-appellant failed to state a cause of action against John Doe # 2 and John Doe # 4. The district court made no reference to the affidavit that plaintiff-appellant submitted on April 24, 2000.

Inasmuch as plaintiff-appellant failed to make any factual allegations raising a cognizable claim against John Doe # 2 and John Doe # 4, that portion of the district court order dismissing plaintiff-appellant's action against them is affirmed. *See* Fed. R.Civ.P. 12(b)(6). Additionally, plaintiff-appellant's VAWA claim is dismissed for the same reason given by the district court.

Further, even if the district court failed to review plaintiff-appellant's affidavit, we have. *See, e.g., Chase Manhattan Bank, N.A. v. American Nat'l Bank & Trust Co.*, 93 F.3d 1064, 1071–72 (2d Cir.1996); *Stetson v. Howard D. Wolf & Assocs.*, 955 F.2d 847, 850 (2d Cir.1992). We find that plaintiff-appellant's equitable tolling argument is without merit. Therefore, that portion of the district court order dismissing the claims against John Doe # 1 and John Doe # 3 as time-barred is affirmed.

For the reasons set forth above, the judgment of the district court is AFFIRMED.